[No. 658. August 26, 1896.]

## ULYSSES T. CURRAN, PLAINTIFF IN ERROR, v. THE WILLIAM KENDALL BOOT & SHOE COMPANY, DEFENDANT IN ERROR.

ABATEMENT—PLEA TO MERITS—ABANDONMENT.—By pleading to the merits defendant abandoned his pleas in abatement.

ID.—JOINT OBLIGATION—NONJOINDER OF CO-OBLIGOR—DEMURRER.—A demurrer to a plea in abatement to an action against one of two persons, on the ground that the obligation was joint, and the co-obligor was not joined, was properly sustained, under section 1846, Compiled Laws, providing that, in all cases of joint obligations of co-partners and others, suits may be brought against any one or more of those liable.

ID.—ACTION AGAINST SINGLE PARTNER—DEMURRER.—So was a demurrer to a plea in abatement to an action against a single partner, on the ground that his copartner was not joined, properly sustained, under section 1886, Compiled Laws, providing that suit may be brought by or against a partnership as such or against all or either of the individual members. The fact that defendant was sued as C., under the firm name of O. J. & Co., amounted to nothing more than a descriptio personae.

ATTACHMENT—NONRESIDENCY—TRAVERSE—DEMURRER.—Where the defendant filed a traverse of the attachment in a suit on a joint obligation, alleging the residence in the territory of one of the partners, not joined as defendant, but not denying the nonresidence of defendant, the sustaining of a demurrer to the traverse was proper, plaintiff having the right to bring suit against one or more of the partners individually as he might elect; and the fact of the levy being made upon the partnership property presented no reason for the quashing of the writ.

ERROR, from a judgment for plaintiff, to the First Judicial District Court, Santa Fe County. Affirmed.

The facts are stated in the opinion of the court.

MAX FROST, GEO. W. KNAEBEL, and EDWARD L. BARTLETT for plaintiff in error.

An attachment under our statutes can not issue on the ground of nonresidence solely, unless all the

debtors are nonresidents, so that process can not be served upon them. Curtis v. Hollingshead, 14 N. J. Law, 408–410; Cowden v. Harford, 4 Ohio, 133–135; Taylor v. McDonald, Id. 150–156; Leach v. Cook, Trustee, 10 Vt. 239.

Even if attachment would lie on the ground of the nonresidence of one partner, plaintiff has not alleged that Curran was a partner, but charges him solely, and then attaches the partnership property to pay a debt which it charges was his own. Such practice is illegal and unprecedented. Edwards v. Hughes, 20 Mich. 289, 291; Cowden v. Harford, supra; Johnson & Co. v. Smith, Morris (Iowa) 105; Bank v. R. R., 11 Wall. 628. See, also, White and Schnelby's case, 10 Watts (Pa.) 217.

It is the firm or copartnership which is the "debtor," although each member of the firm may be liable for the debt, but individual members are not primarily the "debtors." 10 Vt. 239, supra; Strawbridge v. Curtis, 3 Cranch. (U. S.) 267; Curtis v. Hollingshead, supra.

"The interest of a resident partner can not be levied on even for a partnership debt in an attachment on the ground of nonresidence of his copartner," etc. Wallace v. Galloway, 5 Cold. (Tenn.) 510; 1 Wade on Att., secs. 52, 80; Wiley v. Sledge, 8 Ga. 532; Connon v. Dunlap, 64 Id. 680; Staats v. Bristow, 73 N. Y. 264, 268; Edwards v. Hughes, 20 Mich. 289, 291; Curtis v. Hollingshead, supra, 403.

E. A. FISKE for defendant in error.

There was no error in sustaining the demurrer to the pleas in abatement of defendant to the declaration. Comp. Laws, secs. 1845, 1846, 1886, 1889; Bates on Part., secs. 454, 1068; Hunter v. Martin, 57 Cal. 365; Hawley v. Hurd, 56 Vt. 617, 621; Kent v. Wells, 21 Ark. 411; Clark v. Jones, 6 S. Rep. (Ala.) 362, 364;

Manning v. Osgood, 23 N. E. Rep. (Mass.) 732; Gates v. Matson, 54 Mo. 590, 591; Bates on Part., secs. 203, 205.

The demurrer to the answer to the attachment affidavit was properly sustained. Comp. Laws, sec. 1923; Lanckton v. Wolcott, 47 Mass. 307; Smith v. Orman, 17 Wis. 395, 397; Stanley v. Ogden, 2 Root (Conn.) 262; N. H. M. Co. v. Fowler, 28 Conn. 103; 5 Am. and Eng. Ency. Law, 179, sec. 1, p. 161, note 1; Drake on Att., sec. 66; Waples on Att., pp. 156, 102; Moore v. Otis, 20 Mo. 153, 155, 156; Bates on Part., sec. 1119, p. 1102; Cohen v. Gamble, 15 S. Rep. (Miss.) 236, 237; Wiley v. Sledge, 8 Ga. 532; Williams v. Mathersbaugh, 29 Kan. 733, 736, 739. See, also, Comp. Laws, secs. 1944, 1960; Switzer v. Carson, 9 Mo. 740–742; Temple v. Cochran, 13 Mo. 116; France v. Connor, 27 Pac. Rep. (Mont.) 569, 575, 576; Staab v. Hersch, 3 N. M. 209; Talbott v. Randall, Id. 364; Drake on Att., secs. 6, 7, 70, 70a, 73, 74, 74a, 75a, 77c, 95, 97, 101, 101 a, 716; Waples on Att., pp. 90–101, sec. 5, p. 430; 1 Am. and Eng. Ency. Law, pp. 903, 904.

COLLIER, J.—The record in this cause shows that the W. W. Kendall Boot & Shoe Company brought an action in the district court of Santa Fe county of assumpsit by attachment, the declaration alleging that plaintiff sues Ulysses T. Curran, doing business under the firm name and style of O. Johnson & Co., and the affidavit for attachment alleges that "Ulysses T. Curran, doing business under the firm name and style of O. Johnson & Co., is justly indebted," etc., and that "affiant has good reason to believe and does believe that the said Ulysses T. Curran is not a resident of, nor resides in, the territory of New Mexico." The writ of attachment ran against "Ulysses T. Curran, doing business under the firm name and style of O. Johnson & Co.," and was returned as levied on the "effects of

the said defendant in said writ mentioned." Pleas in abatement were filed, the first alleging the liability, if any, to be joint with one Otter Johnson, who was not joined as defendant, and the second that the liability, if any existed, was that of a copartnership composed of said Johnson and defendant. These pleas were demurred to as not being good in law, and the demurrer was sustained. The defendant also filed a traverse of the attachment, alleging the residence of the said Johnson in the territory, where the firm was doing business, but not denying the nonresidence of the defendant. This traverse being demurred to, the demurrer was also sustained. The defendant thereupon filed a plea in bar, upon which issue was joined. By consent of the parties the cause was tried by the court without a jury, and judgment was rendered in favor of the plaintiff, and the attached property ordered sold to satisfy the same. There was also filed and included by the clerk of the district court in the transcript of the record brought here on writ of error what purports to be a motion for new trial, and the decision of the court overruling the same, but it does not appear that any bill of exceptions was had in the case, or made a part of the record therein.

There being no bill of exceptions in this case, we can not consider, as has been repeatedly decided by this court, any error of the lower court except of law apparent upon the record. It appears from the record that upon the sustaining of the demurrer to defendant's pleas of abatement he pleaded to the merits, and issue being joined thereon, the cause was tried by the court without a jury. It was his option to have stood upon his pleas, but this he declined to do, and by pleading to the merits he must be deemed to have abandoned his pleas in abatement. We, however, do not see any error of law in sustaining the demurrer, even

ABATEMENT: joint obligation: non-joinder of co-obligor: demurrer.

though it might be held there was no abandonment of these pleas. As to the first plea, which sets up the failure of the plaintiff to join one O. Johnson in the action as a codefendant, because of an alleged joint liability, our statute, being the lex fori, prescribes that in all cases of joint obligations and joint assumptions of copartners and others suits may be brought against any one or more of those who are so liable. Comp. Laws N. M., sec. 1846.

As to the second plea, which merely alleges a New Mexico partnership, and its indebtedness, if any, upon the supposed cause of action, it is also prescribed by our law that suit may be brought by or against a partnership as such, or by or against all or either of the individual members thereof. Id., sec. 1886. The fact that the defendant is sued as "Ulysses T. Curran, doing business under the firm name and style of O. Johnson & Co.," does nothing more than serve as descriptio personae, and the plea admits that he is sued merely as Ulysses T. Curran.

*ACTION against single partner: demurrer.*

As to the decision of the lower court sustaining the demurrer to the traverse of the grounds of attachment, it might be said that, following the principle enunciated in the case of Ripley v. Mining Co., 6 N. M. 415, this alleged error would be considered, notwithstanding the plea in bar subsequently filed, and the joining of issue, and the trial of the main issue. Without intimating our concurrence in the view taken in Ripley v. Mining Company, supra, we will pass upon this assignment. We think the sustaining of the demurrer was proper, as there was no denial in the traverse of defendant's nonresidence and, as we have already remarked, the action could be properly brought against one or more of the partners individually, if plaintiff so elected. The fact of the levy being made, as it is said, upon

*ATTACHMENT: nonresidency: traverse; demurrer.*

partnership property, presented no reason for the quashing of the writ. If it be true, as claimed, that partnership property can not be seized upon attachment for the individual debt of a member of a firm (as to which we express no opinion), that would be upon the theory that the partnership property stood, as to such attachment, just as does the property of a stranger to the writ. In such a case the remedy is by a suit in replevin or in trespass against the sheriff levying the writ. We therefore find no error apparent of record in this case, and the judgment of the lower court is affirmed.

SMITH, C. J., and HAMILTON and BANTZ, JJ., concur.

---

[No. 574.    On Rehearing, September 1, 1896, Overruling Same v. Same, 8 N. M. 110.]